91 A.3d 1237

**Margo POLETT and Daniel Polett, Petitioner**

v.

**PUBLIC COMMUNICATIONS, INC., Zimmer, Inc., Zimmer USA, Inc., and Zimmer Holdings, Inc, Respondents.**

Supreme Court of Pennsylvania.

May 21, 2014.

### *ORDER*

PER CURIAM.

**AND NOW,** this 21st day of May 2014, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to the remaining issue. The issues, as stated by petitioners, are:

(1) Did the trial court act within its discretion by precluding from evidence an expired tolling agreement between [petitioners] and Dr. Booth, where the trial court had substantial grounds for preclusion, including that admission of the agreement would cause confusion and delay, and where [respondents] had other means to attempt impeaching the credibility of Dr. Booth as a witness on [petitioners'] behalf?

(2) Did the trial court act within its discretion by instructing the jury not to speculate about alternative causes of [petitioner's] injuries where (a) during closing argument, [respondents'] counsel speculated about [petitioner's] injuries after promising the trial court it would not speculate; (b) the trial court's no-speculation instruction incorporated prior causation instructions that squarely placed the burden of proof on [petitioners]; and (c) the no-speculation instruction correctly stated Pennsylvania law against speculation?

(3) Did the trial court act within its discretion by allowing Dr. Booth to give expert testimony on causation where Dr. Booth reached his causation opinion during the course of treating [petitioner] and before litigation was anticipated?